# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EVERARDO RODRIGUEZ-BEY,<br><br>                Plaintiff,<br><br>     v.<br><br>OFFICER GALIGER,<br><br>                Defendant. | Case No. 11 C 7288<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Officer Galiger's Motion for Summary Judgment. For the reasons stated herein, the Motion is granted.

## I.   FACTUAL BACKGROUND

On October 14, 2011, the Plaintiff, Everardo Rodriguez-Bey ("Plaintiff"), filed a Complaint against Defendant City of Berwyn Police Department and Defendant Officer Galiger, individually, alleging Defendants violated Plaintiff's Fourth Amendment rights, which entitled Plaintiff to relief under 42 U.S.C. 1983.

Specifically, Plaintiff alleged that Defendants did not have probable cause to seize three of Plaintiff's automobiles on March 24, 2011. On November 7, 2011, Defendant City of Berwyn Police Department filed a Motion to Dismiss, arguing that it was not a suable entity. The Court agreed and on November 17, 2011 dismissed it from the case. [*See* Dkt. 14].

Subsequently, at a status hearing on September 18, 2012, Defendant Officer Galiger ("Defendant") requested that the Court set a briefing schedule for a summary judgment motion he anticipated filing. [*See* Dkt. 32.] In light of this request, the Court ordered Defendant to file his dispositive motion by October 23, 2012, and ordered Plaintiff to respond by November 20, 2012. The Court also granted Defendant until December 4, 2012 to file a reply. [*See* id.].

Pursuant to the Court's order, Defendant filed his summary judgment motion on October 18, 2012. However, to date, Plaintiff has failed to respond to Defendant's motion, and failed to file any other motions requesting additional time to respond. As such, the Court will proceed with its ruling without the benefit of Plaintiff's response.

## II. <u>LEGAL STANDARD</u>

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the moving party satisfies its burden, the non-movant must present facts to show a genuine dispute exists to avoid summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The Court construes all facts and draws all reasonable inferences in favor of the non-moving party. *Ricci v. DeStefano*, 129 S.Ct. 2658, 2677 (2009).

Local Rule 56.1(a)(3) instructs that a party "moving for summary judgment must provide a statement of material facts, which the moving party asserts contains no genuine factual dispute." *Aukstuolis v. Harrah's Ill. Corp.*, No. 99-C-3593, 2002 WL 31006128 at *2 (N.D. Ill. Sept. 5, 2002). It is within the Court's discretion to either insist on strict compliance of the local rules or to overlook transgressions. *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011).

### III. **ANALYSIS**

In his Motion for Summary Judgment, Defendant contends he is entitled to judgment as a matter of law because he had probable cause to seize Plaintiff's automobiles and because he is entitled to qualified immunity.

At the outset, the Court notes that both parties have failed to abide by Local Rule 56.1. First, it is clear Plaintiff failed to comply not only with Rule 56.1, but also failed to provide any response at all to Defendant's motion. The Court will address the consequences of this failure. Before doing so, however, the Court points out that Defendant also failed to adhere to the Local Rules, as Defendant failed to include with his summary judgment motion a statement of undisputed material facts.

The Local Rules requires a movant to submit a statement of undisputed material facts that the movant claims entitle it to judgment as a matter of law. *Malec v. Sanford*, 191 F.R.D. 581, 583

(N.D. Ill. 2000). The statement of facts shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting material relied upon to support the facts set forth in that paragraph. L.R. 56.1(a)(3).

This Court has the discretion to deny Defendant's Motion for failure to abide by the Local Rules because of his failure to provide a statement of undisputed material facts. *See Ford v. Lumbermens*, 197 F.R.D. 365 (N.D. Ill 2000) (defendants' failure to abide by local rules warranted denial of his summary judgment motion.) However, it is also within the Court's discretion to overlook transgressions of the Local Rules. *Frasor*, 662 F.3d at 887. Because in this case, Defendant included with his Motion a supporting memorandum of law and an affidavit, the Court will consider its merits. *See id.* (holding that litigants should not expect that they are entitled to strict enforcement of Local Rules because the "decision whether to apply the rule strictly" is a decision left to the district court.) In the future, the Court suggests that Defendant familiarize himself with the Local Rules prior to filing motions in this District.

Plaintiff's failure to provide any response to Defendant's motion is a different matter however. "[W]hen a party fails to respond to a motion for summary judgment, its failure "constitutes an admission . . . that there are no disputed issues of genuine

fact warranting a trial." *Terrell v. Am. Drug Stores*, 65 F.App'x. 76, 77 (7th Cir. 2003) citing *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995). As such, the Court deems admitted those facts contained in Defendant's affidavit and finds summary judgment appropriate.

Moreover, in addition to the binding Seventh Circuit precedent that dictates the effect of Plaintiff's failure to respond, the Court also finds Defendant's qualified immunity argument meritorious. Defendant points out that the doctrine of qualified immunity generally protects a government official from civil liability when he performs discretionary functions. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Additionally, both the Supreme Court and Seventh Circuit have held that government officials are entitled to qualified immunity with respect to their probable cause determinations even if these determinations turn out to be mistakes. *See Hunter v. Bryant*, 502 U.S. 224, 228-29 (1991); *Fleming v. Livingston Cnty.*, 674 F.3d 874, 879 (7th Cir. 2012).

In this case, Plaintiff's Complaint purports to allege a 1983 claim against Defendant based on the fact that Defendant did not have probable cause to seize the Plaintiff's three vehicles. After examining Defendant's affidavit and his alleged reasons for finding probable cause, the Court finds Defendant's determination, while not necessarily correct, was objectively reasonable and therefore entitles him to qualified immunity. *See generally Hunter*, 502 U.S.

at 228-29. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

## IV. **CONCLUSION**

For the reasons stated herein, the Defendant's Motion for Summary Judgment is granted.

**IT IS SO ORDERED.**

                                                      *[signature]*
                                           Harry D. Leinenweber, Judge
                                           United States District Court

**DATE:** 1/10/2013